# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

COLTON BRAUER, *et al.*,

    Plaintiffs,

v.

PENSKE TRUCK LEASING CO., LIMITED PARTNERSHIP, *et al.*,

    Defendants.

Case No. 2:10-cv-00283-LDG (GWF)

**ORDER**

      Defendant Penske Truck Leasing Co., L.P. ("Penske") moves to dismiss (#5) the plaintiffs' claim for punitive damages. Plaintiffs Colton and Nicole Brauer oppose (#8). The Court will grant the motion.

<u>Motion to Dismiss</u>

      The defendant's motion to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6), challenges whether the plaintiff's complaint states "a claim upon which relief can be granted." In ruling upon this motion, the court is governed by the relaxed requirement of Rule 8(a)(2) that the complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." As summarized by the Supreme Court, a plaintiff must allege sufficient factual matter, accepted as true, "to state a claim to relief that

1  is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955,
2  1974 (U.S. 2007).  Nevertheless, while a complaint "does not need detailed factual
3  allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'
4  requires more than labels and conclusions, and a formulaic recitation of the elements of a
5  cause of action will not do." *Id.*, at 555 (citations omitted).  In deciding whether the factual
6  allegations state a claim, the court accepts those allegations as true, as "Rule 12(b)(6)
7  does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual
8  allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Further, the court "construe[s]
9  the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Group,*
10 *Inc. v. City of Beaumont*, 506 F3.d 895, 900 (9th Cir. 2007).

11        However, bare, conclusory allegations, including legal allegations couched as
12 factual, are not entitled to be assumed to be true.  *Twombly*, 550 U.S. at 555.  "[T]he tenet
13 that a court must accept as true all of the allegations contained in a complaint is
14 inapplicable to legal conclusions." *Ashcroft v. Iqbal* 556 U.S. ___, 129 S.Ct. 1937, 1949
15 (2009).  "While legal conclusions can provide the framework of a complaint, they must be
16 supported by factual allegations." *Id.,* at 1950.  Thus, this court considers the conclusory
17 statements in a complaint pursuant to their factual context.

18        To be plausible on its face, a claim must be more than merely possible or
19 conceivable.  "[W]here the well-pleaded facts do not permit the court to infer more than the
20 mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the
21 pleader is entitled to relief." *Id.*, (citing Fed. R. Civ. Proc. 8(a)(2)).  Rather, the factual
22 allegations must push the claim "across the line from conceivable to plausible." *Twombly.*
23 550 U.S. at 570.  Thus, allegations that are consistent with a claim, but that are more likely
24 explained by lawful behavior, do not plausibly establish a claim.  *Id.*, at 567.

25        The Plaintiffs argue that they can maintain their claim against Penske for acting with
26 a conscious disregard toward them.  In support of this argument, the Plaintiffs argue that a

third-party informed them that it was "well known" that practically any key that could fit into the ignition switch could start the vehicle. The Plaintiffs then argue that it is reasonable to <u>assume</u> this information was well known to Penske. The argument, itself, reveals that the Plaintiffs failed to allege sufficient facts to support a claim for punitive damages against Penske. Accordingly,

THE COURT **ORDERS** that Defendant Penske Truck Leasing Co., L.P.'s Motion to Dismiss Plaintiffs' Claim for Punitive Damages (#5) is GRANTED. Plaintiffs' Claim for Punitive Damages is DISMISSED.

DATED this 18 day of March, 2011.

_____
Lloyd D. George
United States District Judge